By the Court.—Freedman, J.
—The case has been twice tried. Upon the first trial, the plaintiff read in evidence the deed to Mrs. Watson, the judgment roll in the suit against Berrand and others, the execution and sheriff’s deed, and that defendant Smith was in possession under defendant Platt, and rested. Defendants than gave in evidence that Mrs. Lotta was in possession of the premises, from 1855, until her death in 1864, and the deed by Mrs. Watson to Yates, Porterfield & Wells, and rested. Plaintiffs then proved by Porterfield and Wells, that the said deed was given only to secure a loan made to Mrs. Watson, and that the loan had been repaid.
Defendants in rebuttal showed that the repayment of the said loan was made by Mrs. Berrand, with her own money.
Both parties rested, and the court directed a verdict for the defendants subject to the plaintiffs’ exceptions to be heard in the first instance at general term.
In sustaining plaintiffs’ exceptions and ordering a new trial (39 N. Y. Superior Ct. 452), the general term, as the case then stood, expressly decided that the judgment of the supreme- court in favor of Sarah Louisa Hudson, and against Isabella Berrand and others,' involving, as it did, the whole question of Mrs. Watson’s title, as well as the whole question of the title of the defendants in that action, was an effectual estoppel by record against Mrs. Berrand, shutting opt the defense set up in her answer to the present action, *11 and that consequently the direction of a verdict in favor of the defendants was error. Part of such defense consisted of a claim of right of possession under and -by virtue of the payment made by her to Yates, Porterfield & Wells. In view of the point thus decided upon the facts before the court, the error occurring in the reasoning of the learned chief justice, who delivered the opinion, referring to the payment as having been made by Mrs. Berrand on behalf of Mrs. Lotta, instead of with her own money, is quite unimportant so far as it concerns only Mrs. Berrand and her co-defendants in the supreme court action. However the fact in that regard may have been, Mrs. Berrand was bound to litigate it in the first action, if she desired to litigate it at all. But even if it were otherwise, the remedy for the correction of the alleged error was either by motion for reargument or by appeal to the court of appeals. At all events, as the facts presented on the second trial did not, so far as they affect Mrs. Berrand or her legal representatives, differ materially from those presented on the former appeal, the decision that had already been made should have been followed as the law of the court. This being so, the plaintiff was entitled to the direction of a verdict against the administrator of the estate of Isabella Berrand, deceased.
The decision by the general term simply established, however, that by reason of t^ie estoppel, there was error in directing a verdict in favor of the parties estopped, and that such error necessitated a new trial, as against all the defendants. True, the general term did not say so in express language, but that was the decision. How, then, does the case stand now ? Neither Yates, Porterfield & Wells, nor Platt and Smith, were parties to the supreme court action, and if Platt has any valid claim to possession, it attached prior to the commencement of that action. His claim *12 is founded upon a deed from Mrs. Berrand to himself, bearing date September 7, 1868, and he claims to have been in actual possession since that time, while the action by Sarah Louisa Hudson was not commenced until June, 1869. He therefore insists that even if said deed be insufficient to give him a good title in fee simple to the whole of the premises in question, it is at least sufficient to confer upon him all the rights of a mortgagee in possession; Smith is his tenant and as such his right to possession is, for the purposes of this case, identical with that of Platt. Under these circumstances, the parties whose joinder was omitted in the supreme court action cannot be held estopped by the judgment in that suit from now showing the true state of affairs; and in particular Platt is not estopped from showing, if he can, that under the deed from Mrs. Berrand he acquired at least the interest which Mrs. Berrand possessed in her own right, if, by virtue of her payment to Yates, Porterfield & Wells, she became a mortgagee in possession.
But upon neither of these defenses was the evidence so convincing that the plaintiff could be deprived of his right of going to the jury thereon.
As to the first it appeared without explanation that though the deed to Platt was dated September 7, 1868, it was not acknowledged or recorded until June, 1873. It also appeared that the said instrument was one more in the nature of a contract to convey than an actual conveyance, for it provided in terms that upon receipt of the consideration therein mentioned Mrs. Berrand should execute, acknowledge and deliver a proper and sufficient deed containing a general warranty and the usual full covenants for the conveying and assigning the fee simple of the said premises free from all incumbrances. Ho such warranty deed appears to have ever been executed.
Upon these and other circumstances that either ap *13 peared in evidence, or which the evidence failed to disclose, but which do not require special allusion at present, the plaintiff might have fairly argued,, that Platt was not in point of fact a bona fide purchaser prior to, or without notice of the supreme court action.
As to the second, it was upon the whole evidence, and especially in view of the absence of any written memorandum by Yates, Porterfield & Wells, a question of fact for the jury whether Mrs. Berrand’s payment to that firm was made so as to defeat the title held by them conditionally, or upon condition that such title should be kept alive and assigned.
Both defenses of Platt and Smith should have been submitted to the jury under proper instructions, and it was error to direct a verdict in their favor.
Plaintiffs’ exceptions should be sustained as against all the defendants and the verdict should be set aside and a new trial ordered with costs to • plaintiff to abide the event.
Sedgwick, J., concurred.